IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JERMAINE BURKES, MICHAEL CROCKETT, AND RODERICK KIMBROUGH FOR AND ON BEHALF OF THEMSELVES AND OTHER PERSONS SIMILARLY SITUATED,<br><br>**Plaintiffs,**<br><br>vs.<br><br>CCBCC, INC.<br><br>**Defendant.** | CIVIL ACTION<br>FILE NO.: 4:12-CV-110 (CDL)<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

COME NOW Plaintiffs Jermaine Burke, Michael Crockett and Roderick Kimbrough, for and on behalf of themselves and other persons similarly situated (collectively, "Plaintiffs") in their complaint against Defendant CCBCC, Inc. (hereinafter "CCBCC") and show the Court as follows:

**THE PARTIES AND JURISDICTION AND VENUE**

1.

This is an action arising out of the Fair Labor Standards Act 29 U.S.C. §§ 201-216. Plaintiffs are all residents of the state of Georgia and are all former

1

employees of CCBCC, who was the FLSA employer of Plaintiffs for the relevant period of time.  Plaintiffs served in the capacity of merchandiser and were paid varying weekly amounts.  Plaintiffs were not paid the full amount of overtime required by the FLSA.  Plaintiffs bring this action to recover from Defendants unpaid overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(b), (the "Act" or "the FLSA"), and pursuant to Georgia state law as described below.

2.

Plaintiffs bring these FLSA claims as an "opt-in" collective action pursuant to 29 U.S.C. 216(b), and seek relief on a collective basis challenging, among other things, Defendant's failure to pay overtime and failing to pay employees full compensation for all hours worked.  Plaintiffs hereby consent to be part of this action and name parties in the collective action.

3.

Between the commencement of Plaintiffs' employment through the termination of their employment, Plaintiffs in some weeks worked far in excess of 40 hours per week for the Defendants but were never paid full overtime wages for

any of those weeks.  There was no limit placed on the amount of hours Plaintiffs were required to work.

4.

At some point in Plaintiffs' employment, Plaintiffs and those similarly situated were told they would be paid according to "Chinese Overtime" rules. These new rules were not explained to Plaintiffs nor did Plaintiffs mutually understand, agree or decide to be subject to being paid less than the full amount required by the FLSA for overtime worked.

5.

The class of employees on behalf of whom Plaintiffs bring this "opt-in" collective action are similarly situated because they are non-union, hourly employees who have been or are employed in positions similar to those of the individually named Plaintiffs, and were subject to the same or similar unlawful practices as the individually named plaintiffs.  The number and identity of other Plaintiffs yet to opt in and consent to be party plaintiffs may be determined from the records of Defendants, and potential plaintiffs may easily and quickly be notified of the pendency of this action.

6.

At all times relevant hereto, CCBCC was and is a Georgia corporation doing business in this judicial district and with its principal place of business in Georgia and doing business in this judicial district. Defendant is subject to actions of this kind and nature and may be served by Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service.

7.

Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period because the materials that they packed or loaded for transport on a constant and/or continual basis moved through interstate commerce prior to and/or subsequent to Plaintiffs' work with same. The Plaintiffs' work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant. Additionally, upon information and belief, the Defendant

Corporation grossed over $500,000 annually for the relevant time period. As such, Defendants are an employer under the FLSA, 29 USC 203.

8.

This Court has original jurisdiction based upon the Plaintiffs' claims, based upon the Plaintiffs' FLSA allegations, and pursuant to 28 U.S.C. §1331 and 1337. Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c).

## **COLLECTIVE ACTION ALLEGATIONS**

9.

Plaintiffs were not paid the full amount of overtime required by the FLSA. Defendants and its managers would yell at employees and threaten to retaliate against employees who asked to be paid overtime. Defendants never paid full overtime to merchandisers (and those similarly situated) despite the fact that many regularly worked more than forty (40) hours per week.

10.

Defendants have previously defended FLSA claims against them and are well aware of their obligations under the FLSA.

11.

Accordingly, Defendants have willfully violated the FLSA, 29 U.S.C. 201 et. seq.

## COUNT I – FLSA VIOLATIONS

12.

Plaintiffs re-allege paragraphs 1-11 and incorporate them by reference to this count.

13.

Defendants' policies as stated above have caused Plaintiffs to be deprived of wages due them.

14.

Defendants' policies as stated above constitute a violation of the FLSA, requiring a time and one half rate to be paid for all overtime hours worked, and the regulations promulgated thereunder by the Department of Labor, 29 C.F.R. 778.

15.

Under 29 U.S.C. 216(b), Defendants are liable to Plaintiffs in the amount of their unpaid wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

a.   A trial by jury pursuant to Fed. R. Civ. P. 38(b);

     b.    An award of past due wages for each Plaintiff, together with interest thereon;

     c.    That the Court award Plaintiffs liquidated damages, together with interest thereon;

     d.    That this Court issue a permanent injunction against Defendants, prohibiting Defendants from further acting in violation of the FLSA;

     e.    That is this Court award Plaintiffs their reasonable attorneys' fees and expenses of litigation;

     f.    That Plaintiffs be awarded prejudgment interest and their costs and disbursements herein;

     g.    That Defendants are jointly and severally liable for the awarded amounts;

     g.    That additional applicable former employees of Defendants be permitted to join this suit by appropriate opt-in; and

     h.    That Plaintiffs be awarded compensatory, punitive damages and attorneys' fees and expenses of litigation for the violations of state law alleged herein.

     i.    Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

This 21st day of May, 2012.

           Respectfully submitted,


          By: <u>/s/ Douglas R. Kertscher</u>
            Douglas R. Kertscher
            Georgia State Bar No. 416265

HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA  30339
Telephone:   770-953-0995
Facsimile:   770-953-1358
Email:        drk@hkw-law.com
Attorney for Plaintiffs